IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD J. HROBUCHAK, individually** | : | No. 3:03cv0591 |
| **and t/a HROBUCHAK LAWN AND** | : | |
| **GARDEN and LAURIE A. HROBUCHAK,** | : | (Judge Munley) |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONWIDE PROPERTY & CASUALTY** | : | |
| **INSURANCE COMPANY, a/d/b/a** | : | |
| **NATIONWIDE INSURANCE COMPANY,** | : | |
| **and d/b/a NATIONWIDE MUTUAL** | : | |
| **INSURANCE COMPANY,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is the defendants' motion to set aside/vacate default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). The matter has been fully briefed and is ripe for disposition.[1]

**Background**

Plaintiff instituted this action to obtain disability insurance benefits from its insurer, the defendant. After many problems in the case regarding the defendant's failure to comply with discovery requests and court orders, on July 20, 2004, we granted default as to liability against the defendants as a sanction pursuant to Rule 37 of the Federal Rules of Civil Procedure. We found that the defendant had made it

---

[1]Defendant has also filed a motion to file a sur-reply brief. (Doc. 93). Attached to the motion is a copy of the brief. We will grant the motion and have considered the brief in our disposition of this matter.

Case 3:03-cv-00591-JMM   Document 115   Filed 05/06/05   Page 2 of 14

impossible for the plaintiffs to prosecute their action. (Doc. 54). We held a damages hearing on August 25, 2005, to determine the amount of damages to be awarded to the plaintiffs. On September 24, 2004, judgment was entered against the defendant in the amount of $2,363,64.99. (Doc. 64).

On November 4, 2004, defendant moved to set aside the default judgment. Defendant has moved under both Rules 55 and 60 of the Federal Rules of Civil Procedure. Rule 55 allows for possible relief from the default entered by the court on July 20, 2004 (Doc. 57). Rule 60 is the mechanism through which the defendant seeks relief from the judgment entered on September 24, 2005. (Doc. 65). Although, the analysis for Rule 55 is similar to the analysis for Rule 60, it is not identical. Therefore, we shall discuss the case under each Rule separately beginning with Rule 55.

**Rule 55 Standard of Review**

While the decision to enter a default is within the discretion of the District Court, the Third Circuit Court of Appeals has noted its preference that cases be decided on the merits whenever practicable. Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir.1984). Although weighing the equities on a motion to vacate a default judgment against the need to finally resolve controversies does not lend itself to a rigid formula or per se rule, (id. at 1181), several considerations should be examined in deciding whether to set aside a default judgment. These considerations are: 1) Does the defendant have a *prima facie* litigable defense? 2) Will lifting the default judgment prejudice the plaintiff? and 3) Is the defaulting defendant's conduct excusable or culpable? Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). We will address these issues *in seriatim*.

    **1) Meritorious defense**

The first factor we will discuss is whether the defendant has a meritorious defense. We will discuss

2

it first because if the defendant has not alleged a meritorious defense no reason would exist for opening the default. With respect to the question of a meritorious defense, the burden is on the moving party to allege facts which, if established, would constitute a complete defense to the action. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

In the instant case, the defendant has met its burden with regard to a meritorious defense. In its brief it lists the following as its meritorious defense:

> 1. Plaintiff's improper definition of gross income under the policy such that his claim for benefits is inflated;
> 2. Plaintiff's own delay in furnishing certain medical and financial records;
> 3. A reasonable basis to contest medical causation based on an independent medical examining physician's report calling into question the relationship between the injury and the plaintiff's condition, and further discussing a relationship between the plaintiff's condition and degenerative spinal disease, as well as the lack of radicular complaints for a period of three months following the accident, such that the work-related accident would not have caused the vertebral disc herniations complained of.
> 4. Plaintiff's failure to establish bad faith. . .
> 5. The existence of alternative employment within plaintiff's capabilities such that the plaintiff has not established a disability within the meaning of the insurance contract.

Def. Brief in Support of Motion to Open at 11-12; see also Defendant's Answer (Doc. 18) (raising many of the same issues). If these assertions are proven, they could provide the defendant with a complete defense to the action. Accordingly, we find that the defendant has raised meritorious defenses to the plaintiff's claim.

### 2) Prejudice to the plaintiff

The next factor for us to consider is prejudice to the plaintiff. Chamberlain v. Giampapa, 210 F.3d at164. If a party has suffered true prejudice due to its adversary's failure to file a timely or adequate

pleading, discovery response, or pretrial statement, this factor bears substantial weight in support of a default judgment. Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984). Such prejudice includes: irretrievable loss of evidence; the inevitable dimming of witnesses' memories; or the excessive and possibly irremediable burdens or costs imposed on the opposing party. Id.

Defendant contends that the plaintiff has merely suffered delay, and they have not been prejudiced in any substantial manner. Defendant cites Felician v. Reliant Tooling Co, 691 F.2d 653 (3d Cir. 1982) for the proposition that merely delaying a satisfaction on a claim rarely serves to establish the degree of prejudice to prevent the opening of a default judgment entered at an early stage of the proceedings. This statement is inapplicable to the instant case. This case was not at an early stage of the proceedings when the default judgment was granted.

The case was filed on March 10, 2003 in the Lackawanna County Pennsylvania Court of Common Pleas. (Doc. 1, Notice of Removal ¶ 1). The case was removed to this court on April 8, 2003. (Doc. 1). Defendant filed a motion to dismiss, which this court granted in part in August 2003. Also in August 2003, a scheduling order was entered making the discovery deadline January 21, 2004. This deadline was extended several times at the request of the parties, and finally, the discovery deadline was extended to July 2004. After the filing of various motions for contempt and sanctions, default was entered in this case on July 20, 2004 and default judgment was entered on September 24, 2004. Clearly, this case was not at an "early stage" when default was entered.

Moreover, the plaintiffs will be prejudiced by the lifting of the default as this case is uniquely time sensitive. As we noted in our memorandum and verdict in this case, the plaintiffs had particular financial vulnerability and have received numerous foreclosure and tax sale notices because of the discontinuance of

the disability payments and the delay in the disposition of this case.  In addition, the family health insurance policy lapsed and Plaintiff Laurie Hrobuchak and the plaintiffs' children are still without health insurance. (Notes of Testimony of August 25, 2004 Damages Hearing at 14, 18 (hereinafter "N.T. at").[2]   The defendant's actions have had a negative impact on the plaintiffs' credit rating and Plaintiff Laurie Hrobuchak's ability to obtain employment.   N.T. at 19.

The defendant was aware of the plaintiffs' financial difficulties.  A note dated January 30, 2003 authored by a Nationwide Insurance claims representative states: "Spoke with Attorney John Clary. . . . He stated that this is a sad case and his client left his office crying.  Attorney requested that I make a note that Hrobuchaks are probably going to lose their home. . . . Attorney stated this is a very sad case for Richard Hrobuchak."  N.T. at 15 - 16; Ex. 73.

Despite the fact that the plaintiffs were in a dire financial situation because of defendant's curtailment of the disability insurance payments, the defendant forced them to take legal action to enforce their rights under the policy.   Then once the lawsuit was filed, the defendant refused to cooperate in discovery and did little or nothing to defend the action.

Accordingly, we find that the plaintiffs would be prejudiced by the opening of the default in this case based upon the excessive burdens and costs that the plaintiffs have been bearing and would have to bear further were this case to be reopened.   As set forth above, these costs are tangible as well as intangible, such as the plaintiffs acquiring a bad credit rating and the negative effect felt by Plaintiff Laurie Hrobuchak in attempting to find employment.  Although the court was not specific, we conclude that these burdens that

---

[2]Plaintiff Richard Hrobuchak has insurance through Medicare.  (N.T. at 14).

5

the plaintiffs have had to bear are the type of excessive burdens and costs mentioned in Scarborough, 747 F.2d at 876.  We find our conclusion especially apt in light of the defendant's statutory duty to act promptly.  See 40 P.S. § 1171.5.  This factor, therefore, weighs heavily in favor of not opening the default judgment.

### 3. Defendant's culpability

The last factor for us to examine is whether the defaulting defendant's conduct is excusable or culpable.  Chamberlain, 210 F.3d at 164.  Defendant claims that its conduct is excusable because its attorney was responsible for all the failings in this case, and it should not be held accountable for its attorneys actions.  In support of its position, the defendant presents the affidavit of Robert Kelly, which provides that he was their attorney until November 4, 2004, and the company knew nothing of the events leading up to the default judgment and had no knowledge of the events transpiring in the case.  See Affidavit attached to defendant's motion to dismiss.  The defendant's argument is not persuasive.

This factor of the Rule 55 analysis is controlled by the United States Supreme Court case of Link v. Wabash R.R. Co., 370 U.S. 626 (1962).  In Link, the Supreme Court addressed a situation where the trial court dismissed a case for failure to prosecute.  The Supreme Court upheld the dismissal, although the party against whom dismissal was entered attempted to blame his attorney for the failure to prosecute.  Id.

The Court explained:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is

6

>considered to have notice of all facts, notice of which can be charged upon
>the attorney.

Id. at 633-34.

The Court further explained: ". . . [I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." Id. at 634, n.10.

We are faced with the same situation in our case. Defendant attempts to escape the entry of default as a sanction by claiming it was not its fault, but its lawyer's fault. Based on the Supreme Court's reasoning, we must reject this argument as it applies to our Rule 55 analysis. Accordingly, this requirement weighs against setting aside the default.

An examination of the three factors reveals two that weigh in favor of the plaintiffs and only one, litigable defense, which weighs in favor of the defendant. Accordingly, we find that a balance of these factors weighs in favor of denying the motion to set aside the entry of default under Rule 55. We now turn our attention to the defendant's motion to strike judgment pursuant to Rule 60(b).

**Rule 60(b) Standard of Review**

Rule 60(b) provides:

>On motion and upon such terms as are just, the court may relieve a party or
>a party's legal representative from a final judgment, order, or proceeding for
>the following reasons: (1) mistake, inadvertence, surprise, or excusable
>neglect; (2) newly discovered evidence which by due diligence could not
>have been discovered in time to move for a new trial under Rule 59(b); (3)
>fraud (whether heretofore denominated intrinsic or extrinsic),
>misrepresentation, or other misconduct of an adverse party; (4) the
>judgment is void; (5) the judgment has been satisfied, released, or
>discharged, or a prior judgment upon which it is based has been reversed

>     or otherwise vacated, or it is no longer equitable that the judgment should
>     have prospective application; or (6) any other reason justifying relief from
>     the operation of the judgment. The motion shall be made within a
>     reasonable time, and for reasons (1), (2), and (3) not more than one year
>     after the judgment, order, or proceeding was entered or taken. . . .

FED. R. CIV. P. 60(b).

In the instant case, section 1 through 5 of Rule 60(b) clearly do not apply. Relief, therefore, is available to the defendant under Rule 60(b)(6), if at all.

The Third Circuit Court of Appeals has held that: "[W]e are aware that Rule 60(b)(6), which permits the vacating of a judgment "for any other reason justifying relief," provides an **extraordinary remedy** and may be invoked only upon a showing of **exceptional circumstances**." Boughner v. Secretary of Health, Education and Welfare, 572 F.2d 976, 978 (3d Cir. 1978) (emphasis added and internal footnote omitted).

**Rule 60(b) Discussion**

Defendant's position with regard to Rule 60(b) is substantially the same as its position with regard to the third factor, culpability, discussed above with regard to Rule 55. Defendant claims that its conduct is excusable because its attorney was responsible for all the failings in this case, and it should not be held accountable for its attorneys actions. As discussed above, the general rule is that a party is deemed to be bound by the acts of its attorney. Link, at 633-34.

Defendant contends that we should not follow the general rule, as set forth by the Supreme Court, but should rather apply an exception to the general rule as set forth by the Third Circuit Court of Appeals in Boughner v. Sec'y of Health Education and Welfare, 572 F.2d 976 (3d Cir. 1978), which dealt with a Rule 60(b) motion.

In Boughner, the Third Circuit held that a party seeking relief from a default judgment has the burden of demonstrating that without such relief an extreme and unexpected hardship will result. Id. at 978. After examining the facts and Link, the Boughner, court found that relief under Rule 60(b)(6) was warranted even though the appellants blamed the entry of judgment against them on their attorney. Accordingly, we must examine the facts of Boughner to determine if they are analogous to the facts at issue in our case. After a careful review, we find that they are not.

In Boughner, six individuals were all represented in the district court by the same attorney, Peter Krehal, in six different cases that were consolidated for appeal. Id. at 977. The appellants were all individuals seeking benefits under the Federal Coal Mine Health and Safety Act of 1969 in the United States District Court for the Middle District of Pennsylvania. Id. The defendant in each case was the United States Secretary of Health, Education and Welfare ("Secretary"). Id. The Secretary filed motions for summary judgment in the District Court against the various plaintiffs. Id. Plaintiffs' counsel failed to file a brief in opposition to the motions for summary judgment, and the motions were granted as unopposed against all of the plaintiffs. Id. The attorney did not file briefs because he was intensely engaged in campaigning for a judgeship on the Northumberland County Court of Common Pleas, and simply neglected to file the briefs. Id.

Under these facts, with no neglect on the part of the parties themselves, the court found that to allow the default judgments to stand would be unjust. Id. at 979. From the wording employed by the Third Circuit, it appears that they expected the ruling to be limited. The court specifically limited its holding to "the factual setting here, which warrants relief under Rule 60(b)(6), appellants are not bound by the acts of their attorney for the purposes of the rule." Id. at 978.

9

The instant case is distinguishable. Instead of individual parties, we are presented with a sophisticated corporate defendant that is familiar with litigation. It can be presumed that there is some type of corporate overseeing in their litigation process, and that its attorneys are not allowed to simply proceed as they see fit and allow cases to go undefended.[3] In addition, the defendant claims to have been unaware of the facts of this case until November 4, 2004, when the instant motion was filed. In support of this position they submit the affidavit of Robert Kelly, the attorney who they blame for all the actions that led to the entry of default. We are unconvinced that Kelly's affidavit establishes that the defendant was not at fault.

The record indicates that another lawyer, Charles Haddick, informed plaintiff's counsel by letter dated September 20, 2004 that he would be taking over the defense of the case.[4] (Doc. 81, Pl. Ex. B). Therefore at least four days *before* the judgment was entered, defendant assigned a new attorney to this case. Evidently, defendant's position is that although the new counsel was aware of the case and the identity of plaintiffs' counsel, he was unaware of any of the proceedings in the case. We note that the complete case record was immediately available to this lawyer with the court's electronic case filing system. Moreover, not only were all the court orders in this case sent to Attorney Kelly, they were also sent to Attorney Karen S. Coates, whose name appeared on the docket as co-counsel. Defendant cannot simply rely on the negligence of Robert Kelly to justify its failings.

Accordingly, we find this case distinguishable from Bougher. The facts of this case are clearly

---

[3] Notably, under Pennsylvania law, an insurer, such as the defendant, can be held liable for bad faith for its actions during litigation. Krisa v. The Equitable Life Assurance Society, 109 F. Supp. 2d 316, 320 (M.D. Pa. 2000).

[4] Attorney Haddick remains counsel of record for defendant.

different. The defendant is a sophisticated litigant, and other attorneys were involved, besides the one that defendant attempts to blame. Thus, defendant has not established that this case is one where an extreme and unexpected hardship will result if the judgment is not vacated. Accordingly, we will deny the defendant's motion to vacate the default judgment.

Defendant has likewise filed a motion to set aside/vacate our order of June 16, 2004 pursuant to Rule 60(b). Our June 16, 2004 order awarded sanctions to the plaintiffs for defendant's failure to comply with discovery. (Doc. 36). This motion will be denied for the same reason that we have decided to deny defendant's motion to vacate or set aside the default judgment of September 24, 2004.

Also pending is the defendant's motion to stay execution of the judgment (Doc. 69) and a motion to stay the United States Marshal's sale (Doc. 71) until the disposition of the motion to vacate. The motions to stay will be denied as moot.

In addition, plaintiff has filed a motion (Doc. 80) that seeks discovery into the motion to vacate, if the court does not deny the motion. As we have denied the motion, the motion for discovery is moot and shall be denied as such.

Defendant Nationwide has also filed a motion to deposit funds. Defendant seeks to deposit a bond with the court pursuant to Rule 67 of the Federal Rules of Civil Procedure. The defendant seeks to deposit the money as further evidence of its desire to end any question as to its ability to pay the judgment. They seek to have the funds held by the court until the case has been appealed. We decline to grant the motion.

Finally, Defendant Nationwide filed a motion for protective order, seeking to prevent the plaintiffs from engaging in discovery in aid of execution of the judgment. (Doc. 83). In a related motion, the

11

plaintiffs have moved to compel discovery in aid of execution. Rule 69 provides for such discovery. Therefore, we will deny the defendant's motion and grant the plaintiffs' motion. We will order that the defendants comply with the discovery requests as set forth in the plaintiffs' motion. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD J. HROBUCHAK, individually** | : | **No. 3:03cv0591** |
| **and t/a HROBUCHAK LAWN AND** | : | |
| **GARDEN and LAURIE A. HROBUCHAK,** | : | **(Judge Munley)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONWIDE PROPERTY & CASUALTY** | : | |
| **INSURANCE COMPANY, a/d/b/a** | : | |
| **NATIONWIDE INSURANCE COMPANY,** | : | |
| **and d/b/a NATIONWIDE MUTUAL** | : | |
| **INSURANCE COMPANY,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 6th day of May 2005, it is hereby **ORDERED** as follows:

1) Defendant's motion to set aside default judgment (Doc. 70) is **DENIED**;

2) Defendant's motion to strike writ of execution (Doc. 69) is **DENIED**;

3) Defendant's motion to stay United States Marshal Sale (Doc. 71) is **DENIED**;

4) Defendant's motion to set aside the order of June 16, 2004 (Doc. 78) is **DENIED**;

5) Plaintiffs' motion for discovery in alternative on defendant's motion to set aside judgment (Doc. 80) is **DENIED**;

6) Defendant's motion to deposit funds (Doc. 82) is **DENIED**;

7) Defendant's motion for a protective order (Doc. 83) is **DENIED**;

8) Defendant's motion for leave to file a sur reply brief (Doc. 93) is **GRANTED** and the Clerk of Court is directed to docket the brief attached to the defendant's motion;

9) Plaintiffs' motion to compel discovery (Doc. 99) is **GRANTED** as follows, the motion is

**DENIED** in all other respects:

    A) Defendant is directed to comply with plaintiffs' amended notice of deposition and shall within ten day from the date of this order present the requested witnesses for deposition;

    B) Defendant shall provide all the documents requested in the amended notice of deposition either before or at the deposition; and

    C) Defendant shall answer all outstanding written interrogatories within ten (10) days from the date of this order.

                              **BY THE COURT:**

                              **James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**